UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-23439-GAYLES
MAGISTRATE JUDGE REID

AL-RABAT MOROCCO
EMPIRE KINGDOM
ISLAMIC SOVEREIGNTY
NATION 37-180026, et al.,

    Plaintiff,

v.

U.S. SUPREME COURT
NINE JUSTICES,

    Defendant.
_____/

## **REPORT OF MAGISTRATE, JUDGE**

### I. Introduction

Plaintiff, **Drelijah Muhammad-Ali**, an inmate in the Alabama Department of Corrections, has filed this *pro se* petition pursuant to 28 U.S.C. § 2241. [ECF No. 1]. In his petition, Plaintiff appears to raise a class action, contesting Alabama's occupation of "Spanish Lands" and requesting that the land be returned to the "Creek Indians." [ECF No. 1 at 6]. Ali, who also refers to himself as Marcus Tate, further requests his immediate release from prison. [*Id.* at 8].

This case has been referred to the Undersigned for the issuance of all

preliminary orders and any recommendations to the District Judge regarding dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B). [ECF No. 2].

As explained below, because it is evident that summary dismissal is warranted, no order to show cause has been issued. *See* Rule 4, Rules Governing Section 2254[1] Proceedings; *see also, Broadwater v. United States*, 292 F.3d 1302, 1303-04 (11th Cir. 2002).

## II. Discussion

Under 28 U.S.C. § 2241, "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). Thus, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443.

As to non-habeas civil actions, 28 U.S.C. § 1915(g) does not allow a prisoner to bring an *in forma pauperis* civil action in federal court "if the prisoner has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." When § 1915(g) does

---

[1] Pursuant to Rule 1(b) of the Rules Governing Section 2554 Cases in the United States District Courts, Rule 4 may be applied to cases brought pursuant to 28 U.S.C. § 2241.

not allow a prisoner to proceed *in forma pauperis*, the complaint should be dismissed without prejudice, and a prisoner wishing to pursue his or her claims must refile the action with full payment of the filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Here, the petition is vague and nonsensical. Particularly, Petitioner sues "United States Supreme Court Nine Justices," seeking a mandatory mandate for "indictments, affidavits,…his treason convictions, sentences [and] verdicts" under "Al-Quran jurisprudence." [ECF No. 1 at 7]. He also moves for the "Spanish Land Grant Mandate" to be returned from the "Alabama State Corporation" to "this Sovereignty Nation 37-180026." [*Id*. at 8]. Even when read liberally, the Petition makes little sense, and the Court cannot discern any argument regarding a constitutional violation in the petition.

When considered as a federal habeas petition under § 2241, this action is filed in the wrong jurisdiction because Petitioner is presently incarcerated in the Alabama Department of Corrections, and his custodian of confinement is located there. While the Court is aware that it may, in the interest of justice, transfer the case to the court in which venue would be proper, *see* 28 U.S.C. § 1631, transfer is not warranted based on the unintelligible nature of the Petition.

Moreover, to the extent that this action could be construed as a non-habeas civil action under 42 U.S.C. § 1983,[2] it must be dismissed because Plaintiff has filed at least three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted. *See Muhammad v. Rance Reehl Coldwell Bank Real Estate, et al.,* No. 1:18-CV-00501-TFM-B, Order Adopting Report and Recommendations (S.D. Ala. Mar. 8, 2019) [ECF No. 11]. Plaintiff does not allege sufficient facts to demonstrate that he is imminent danger of serious physical injury so as to circumvent the payment of the filing fee.

### III. Conclusion

As discussed above, it is recommended that this case [ECF No. 1] be DISMISSED for lack of jurisdiction when construed as a petition brought under 28 U.S.C. § 2241, and DISMISSED as a three-striker pursuant to 28 U.S.C. § 1915(g) when construed as a complaint brought under 42 U.S.C. § 1983. It is further recommended that this case be closed.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation

---

[2] *See United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990) ("Federal courts have . . . have an obligation to look behind the label of a motion filed by a *pro se* inmate . . ..").

and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

SIGNED this 25th day of August, 2020.

*[signature]*
UNITED STATES MAGISTRATE JUDGE

cc: Al-Rabat Morocco Empire
Kingdom Islamic Sovereignty
Nation 37-1880026
180664
Drelijah J Muhammad-Ali
565 Bibb Ln
Brent, AL 35034
PRO SE

XYZ Indigenous Aboriginal
28,000 B.C. Natives American Citizens
180664
Drelijah J Muhammad-Ali
565 Bibb Ln
Brent, AL 35034

Noticing 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov